IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-4-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MOISES ARIAS ALEJO, | ) | |
| | ) | |
| Defendant. | ) | |

On March 11, 2014, without a written plea agreement, Moises Aria Alejo ("Alejo") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine. See [D.E. 15, 22]. On July 8, 2014, the court held Alejo's sentencing hearing. See [D.E. 47, 55]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Alejo's total offense level to be 27, his criminal history category to be I, and his advisory guideline range to be 70 to 87 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Alejo to 78 months' imprisonment. See id.; [D.E. 47, 55, 64]. Alejo appealed. On April 3, 2015, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Alejo, 605 F. App'x 156 (4th Cir. 2015) (per curiam) (unpublished).

On May 18, 2015, Alejo filed a pro se motion for a sentence reduction [D.E. 75]. On July 8, 2015, Alejo, through counsel, moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 79]. Alejo's new advisory guideline range is 60 to 71 months' imprisonment, based on a total offense level of 25 and a criminal history category

of I. See Resentencing Report. Alejo requests a 63-month sentence. See id.; [D.E. 79].

The court has discretion to reduce Alejo's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Alejo's sentence, the court finds that Alejo engaged in serious criminal behavior, which included taking his five-year old to a drug deal. See PSR [D.E. 44] ¶¶ 9–12. Alejo also possessed a loaded firearm and maintained a premises for purposes of dealing cocaine. See id. ¶¶ 40–41. Moreover, Alejo has essentially no work history. See id. ¶¶ 32–35. Nonetheless, Alejo has not been sanctioned while serving his federal sentence and is on a waiting list for a drug education class. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Alejo received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Alejo's sentence would threaten public safety in light of his serious criminal conduct. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Alejo's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Alejo's motions for reduction of sentence [D.E. 75, 79].

SO ORDERED. This 15 day of May 2018.

JAMES C. DEVER III
Chief United States District Judge